Henderson, Judge.
Burglary is a breaking and entering the mansion house of another in the night time, with an intent to commit some felony within the same, whether such intent be executed or not. It is almost the only cáse where crime in the highest degree is not dependent on the consummation of the intent, in almost all other offences there is a locus p cénit entice. But the law throws her mantle around the dwelling of man, because it is the place of his repose, and protects not only the house in which he sleeps, hut also all others appurtenant thereto, as parcel or parts thereof, from meditated harm; thus the kitchen, the landry, the meat or smoke-house, *254 and the dairy are within its protection j for they are all used as parts of one whole, each contributing in its 1 nii way, to the comfort and convenience or the place as a mansion or dwelling. They are used with that view, and that alone; and it may be admitted that all houses contiguous to the dwelling, are prima facie of that description. But when it is proved that they are used for other purposes, for labour, as a workshop, for vending goods, as a store-house, this destroys the presumption. It then appears that they are there for purposes unconnected with the actual dwelling-house, and do not render it more comfortable or convenient as a dwelling — in short, that they are not a parcel or part thereof, but are used for other and distinct purposes — the house, as a dwelling, is equally comfortable and convenient without them, as with them. Their eontiguily to the dwelling may afford convenience or comfort to the occupant, as a mechanic, a labourer or a shopkeeper, but none to him as an house-keeper. These principles, I think, are fully recognized in the case of the King v. Egginton (2 Bos. & Pul. 508) and spoken of in East, Starkie and Mussel, with approbation. In fact, without some such rule, we should be at sea without a rudder — for shall we take distance as our guide ? Must the off-house be within one foot, ten, or a hundred feet ? Or, as some say, a bow’s shot ? Those who speak of distance ascertain it only by its being reasonable; and what may be reasonable to the mind of one man, may not be to that of another. Shall we take the curtilage as a guide ? It may be asked to what extent ? A small yard or a large one, inclosed, or unincloscd ? — for writers do not precisely agree as to what constitutes the curtilage. I think therefore, that it is unsafe to extend the signification of the word dwelling-house farther than to embrace the dwelling itself, and such houses as arc used as part or parcel thereof — such as are used with the dwelling, considered as a dwelling- *255 house, and tending to render it convenient and comfortable to the dweller as an house-keeper. If it be asked on the other side, what is to be done where the kitchen or pant,.y is placed at a great distance from the dwelling, whether it is to be protected as part thereof? It is answered that it most then lose its protection — not because it is no longer part of the dwelling, but on the score of carelessness or. indifference $ as the dwelling-house of a man is not protected who leaves his doors and windows open — or who places his property in a situation where he knows it will be stolen. For the criminal law protects men against those acts only, from which they cannot protect themselves, and leaves the careless and negligent to their civil remedy.